United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ERIC DARNELL COOK,

    Plaintiff,

    v.

P. ROQUE,

    Defendant.
                                    /

No. C 14-1234 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff seeks to be paid for several months of working at his prison without compensation.

Prisoners have no constitutional right to be paid for their services.  *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) (citing *Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (no deprivation of liberty interest when prisoner forced to work without pay, nor does requiring such work subject prisoner to involuntary servitude in violation of the Thirteenth Amendment)).  There is also no constitutional right to a job or rehabilitation in prison.  *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985) (no right to vocational course for rehabilitation).  Whatever liberty or property interests inhere in prison employment are the product of state law.  *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984); *cf. Sandin v.*

*Conner*, 515 U.S. 472, 477-87 (1995) (where state statutes or regulations narrowly restrict power of prison officials to deprive inmates of interest that is of "real substance," deprivation of interest must meet requirements of procedural due process).

Further, prisoners generally are not protected by federal or state labor laws, since the economic realities of prison employment seldom make them "employees" entitled to such protections. *See Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994) (prisoner working under state statute requiring 40 hours weekly work or training not "employee" under FLSA); *see also Hale v. Arizona*, 993 F.2d 1387, 1392-98 (9th Cir.) (en banc) (prisoners working under state program requiring hard labor not "employees"), *cert. denied*, 510 U.S. 946 (1993); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (prisoner working for prison contractor not employee under ADA because his labor belongs to state).

Other than stating that he wishes to be compensated for prior work, plaintiff provides no other details in the complaint and identifies no defendants, instead he simply attaches exhibits. From his exhibits it appears that plaintiff was transferred to a different yard and lost his job as a porter. As described above, plaintiff has no right to a particular prison job or to be paid. Plaintiff will be provided one opportunity to amend to provide more information regarding his claims and to identify specific defendants. Simply attaching exhibits is insufficient.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 23, 2014.



_____
NANDOR J. VADAS
United States Magistrate Judge