UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ERIC DARNELL COOK,

    Plaintiff,

v.

P. ROQUE,

    Defendant.

No. 1:14-CV-1234 NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff has filed a pro se civil rights action under 42 U.S.C. § 1983. The Court dismissed the original complaint with leave to amend. (Doc. 10.) Plaintiff has now filed an amended complaint. For the reasons set forth below, the Court will dismiss this action in its entirety.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff seeks to be paid for several months of working at his prison without compensation.

Prisoners have no constitutional right to be paid for their services. *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) (citing *Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (no deprivation of liberty interest when prisoner forced to work without pay, nor does requiring such work subject prisoner to involuntary servitude in violation of the Thirteenth Amendment)). There is also no constitutional right to a job or rehabilitation in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985) (no right to vocational course for

1  rehabilitation).  Whatever liberty or property interests in prison employment are the product
2  of state law.  *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984); *cf. Sandin v. Conner*, 515
3  U.S. 472, 477-87 (1995) (where state statutes or regulations narrowly restrict power of
4  prison officials to deprive inmates of interest that is of "real substance," deprivation of
5  interest must meet requirements of procedural due process).

6        Further, prisoners generally are not protected by federal or state labor laws, since
7  the economic realities of prison employment seldom make them "employees" entitled to
8  such protections.  *See Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994) (prisoner
9  working under state statute requiring 40 hours weekly work or training not "employee"
10 under FLSA); *see also Hale v. Arizona*, 993 F.2d 1387, 1392-98 (9th Cir.) (en banc)
11 (prisoners working under state program requiring hard labor not "employees"), *cert. denied*,
12 510 U.S. 946 (1993); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (prisoner
13 working for prison contractor not employee under ADA because his labor belongs to state).

14       While plaintiff has submitted a document titled, "Amended Complaint", the document
15 only contains a request for the appointment of counsel.  Plaintiff has therefore failed to file
16 an actual amended complaint and address the deficiencies identified by the Court.  As
17 noted above, plaintiff's action that seeks pay for working at prison fails to state a claim.

18       The Court will not appoint counsel.  There is no constitutional right to counsel in a
19 civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district
20 courts may "request" that counsel represent a litigant who is proceeding in forma pauperis,
21 as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to
22 make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S.
23 296, 310 (1989).

24       The Ninth Circuit has held that a district court may ask counsel to represent an
25 indigent litigant only in "exceptional circumstances," the determination of which requires an
26 evaluation of both (1) the likelihood of success on the merits and (2) the ability of the
27 plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.
28

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). As plaintiff's complaint fails to state a claim and no amount of amendment would cure the deficiencies, counsel will not be appointed and the case is dismissed.

## CONCLUSION

1. The complaint is **DISMISSED** with prejudice for the reasons set forth above.
2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2014.

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ERIC DARNELL COOK, | No.1:14-C-1234  NJV |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| P. ROGUE, | |
| Defendants. / | |

I, the undersigned, hereby certify that on June 18, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Eric Darnell Cook
F-91972
Salinas Valley State Prison
C3-127
PO Box 1050
Soledad, CA 93960


Dated:  June 18, 2014


/s/  *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

5